STATE OF LOUISIANA                                      NO. 22-KH-398

VERSUS                                                  FIFTH CIRCUIT

SHAWN MCKINNEY                                          COURT OF APPEAL

                                                        STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

_____ September 28, 2022 _____

Linda Wiseman
First Deputy Clerk

IN RE SHAWN MCKINNEY

---

APPLYING FOR  SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT,
PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE
NGHANA LEWIS, DIVISION "B", NUMBER 18,159

---

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Marc E. Johnson

## WRIT GRANTED FOR A LIMITED PURPOSE

Relator, Shawn McKinney, seeks review of the trial court's denial of his application for post-conviction relief ("APCR").  For the following reasons, we grant the writ for the limited purpose of transferring the matter to the district court for an evidentiary hearing to consider the merits of relator's APCR.

On February 22, 2019, a jury found relator guilty of aggravated battery in violation of La. R.S. 14:34 (count one) and aggravated criminal damage to property in violation of La. R.S. 14:55 (count two).  On March 25, 2019, the trial court sentenced relator to concurrent ten-year sentences at hard labor on each count and imposed concurrent five thousand dollar fines on each count.  Relator's convictions and sentences were affirmed by this Court on December 26, 2019. *State v. McKinney*, 19-380 (La. App. 5 Cir. 12/26/19), 289 So.3d 153.

On March 16, 2022, relator filed the instant APCR with the district court.  In it, relator made a claim of ineffective assistance of counsel based on newly discovered evidence of his attorney's unethical behavior in other cases and subsequent disbarment, citing La. C.Cr.P. art. 930.8(A)(1).  La. C.Cr.P. art. 930.8(A)(1) allows a defendant to file an APCR more than two years after his conviction and sentence become final where "[t]he application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney."

Relator attached to his APCR the disciplinary proceedings reflecting his counsel's various disciplinary violations that occurred within the same time frame that counsel represented relator.  The disciplinary proceedings reflect that relator's

22-KH-398

trial counsel previously failed to obtain a former client's medical records in a personal injury case prior to settlement; settled a personal injury case without client authorization; forged his clients' signatures on a settlement check for $16,000.00; attempted to charge interest on a client's loan to profit from the advance; and failed to pay a client's medical expenses after settlement, but withheld the amount of the medical expenses from the settlement. The Louisiana Supreme Court, in ordering that counsel be disbarred from the practice of law, found that counsel had prior disciplinary issues and, in that case, "knowingly, if not intentionally, violated an ethical and professional duty to a client by failing to provide legal services for [his client] in an adequate and competent manner, by settling the personal injury case without [the client's] authorization, by charging or attempting to charge interest on a loan to [the client], by failing to safeguard client funds and then converting those funds, and by failing to pay [the client's] medical bill." *See In re Bell*, 19-1345 (La. 11/5/19), 281 So.3d 650, 654. The Court also found a "dishonest or selfish motive" for counsel's conduct, thereby causing actual harm to his client.

In this case, relator makes the allegations that his counsel was most concerned about his payments for continued representation in his criminal case. He alleges that his meetings with counsel were not productive and took place at a gas station rather than an office. He contends that his counsel did not interview any witnesses or attempt to investigate the case. He further alleges that his counsel coerced him into refusing a three-year probation plea deal in the early stages of the case, and contends that his counsel convinced him that the state did not have a case against him, "in an effort to make additional monies" through the continued representation.

The documents attached to the writ application reflect that the trial court initially set the matter for an evidentiary hearing; however, on June 13, 2022, the trial court vacated that Order and denied relator's APCR, opining without an evidentiary hearing. The trial court stated: "the reasons for [counsel's] suspension and disbarment have no bearing on petitioner's case. At the time [counsel] was representing the petitioner he was still licensed; his disbarment came several months after petitioner's conviction. Admission to the bar allows us to assume that counsel has the training, knowledge, and ability to represent a client who has chosen him. Continued licensure normally gives a reliable signal to the public that the licensee is what he purports to be—an attorney qualified to advise and represent a client." The court then opined, without an evidentiary hearing, that "petitioner did receive effective assistance of counsel at all stages of the criminal proceedings and, consequently, there has been no violation or petitioner's sixth amendment rights. Thus, pursuant to La. C.Cr.P. art. 928 and 929 the Evidentiary hearing ordered by the Court is rescinded."

In the instant case, we find that defendant's APCR and supporting documentation sufficiently demonstrate that the facts upon which his claims are predicated were not known to defendant, and therefore, the exception to the post-conviction limitation period applies. We also find that defendant has argued persuasively that the nature of this new evidence is not such that it should have been discovered by the exercise of due diligence and, thus, it is not untimely pursuant to La. C.Cr.P. art. 930.8(A)(1). (*See State v. Hurst*, 15-455 (La. 9/18/15), 209 So.3d 701 (per curiam). We further find that there are questions of fact that raise concern and which cannot be properly resolved pursuant to Articles 928 and 929. Accordingly, this case is hereby remanded for an evidentiary hearing to

consider the merits of relator's APCR and to determine, after an evidentiary hearing, whether relator was denied effective assistance of counsel under the two-prong test set forth in *Strickland v. Washington,*466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Gretna, Louisiana, this 28th day of September, 2022.

**FHW**
**SMC**
**MEJ**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/28/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**22-KH-398**

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED

40th District Court (Clerk)
Honorable Nghana Lewis (DISTRICT JUDGE)
Honorable Bridget A. Dinvaut (Respondent)

### MAILED

Shawn McKinney #74274 (Relator)
Allen Correctional Center
3751 Lauderdale Woodyard Road
Kinder, LA 70648

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Shawn McKinney #74274
Allen Correctional Center
3751 Lauderdale Woodyard Road
Kinder, LA 70648
22-KH-398                    09-28-22

9590 9402 2434 6249 3637 72

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 7011

---

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____    ☐ Agent
                     ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

10-3-22

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:           ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ ___ Mail
- ☐ ___ Mail Restricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☑ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

---

PS Form **3811**, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt